IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DAVID LAVORD DODD** § § | |
| vs. § § § | CASE NO. 6:23-cv-00254-JDK-KNM |
| **CLEARWATER BAY PROPERTY OWNERS ASSOCIATION, INC.** § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the above-styled lawsuit on May 15, 2023. For the reasons below, the Court recommends that the complaint be **DISMISSED** with prejudice.

### BACKGROUND

Plaintiff filed two previous lawsuits in this Court against this Defendant. *See Dodd v. Clearwater Bay Property Owners Association, Inc.*, Civil Action No. 6:14-cv-767-KNM ("the 2014 case"); and *Dodd v. Clearwater Bay Property Owners Association, Inc., et al.*, Civil Action No. 6:18-cv-393-RWS-JDL ("the 2018 case"). The allegations asserted in this case are the same allegations that were asserted in those previous cases concerning a 2013 agreement to purchase property. In the complaint, Plaintiff states that he seeks to re-file his 2014 lawsuit. ECF 1, at *4. The 2014 lawsuit was dismissed without prejudice on November 21, 2016 for failure to prosecute. More than nineteen months later, Plaintiff filed a notice of appeal on July 9, 2018. The Fifth Circuit dismissed the appeal as untimely. Plaintiff then filed the 2018 lawsuit, attempting to re-assert his claims. The Court dismissed Plaintiff's claims against Defendant with prejudice on

October 2, 2018 as time-barred. Plaintiff appealed and the Fifth Circuit dismissed the appeal on February 19, 2019 following Plaintiff's failure to file a brief. At that point, Plaintiff filed a motion in the 2014 case on July 18, 2022 seeking to reopen the case, which was denied. Undeterred, Plaintiff filed the present lawsuit, again seeking to re-file his claims.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks *in forma pauperis* status, the Court shall dismiss the case if the Court determines that the action is either: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A plaintiff cannot pursue a second lawsuit that arises from the same operative facts as those raised and adjudicated, or that could have been adjudicated, in a prior lawsuit. *See Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Services, Inc.*, 799 F.2d 213, 216–17 (5th Cir. 1986); *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc).

## ANALYSIS

The complaint submitted by Plaintiff in this case re-asserts allegations that were previously asserted in Plaintiff's prior lawsuits. Plaintiff expressly states that he is seeking to re-file and re-assert his prior claims, despite previous orders stating that he cannot do so. The issue of whether Plaintiff can pursue his claims was squarely decided in the 2018 case and in the order denying his motion for relief from judgment in 2014 case. Plaintiff's claims are barred by the doctrine of *res judicata* and do not state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

## RECOMMENDATION

It is hereby **RECOMMENDED** that the complaint be **DISMISSED** with prejudice as barred by the doctrine of *res judicata* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 29th day of August, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE